# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45176

| | |
|---|---|
| STATE OF IDAHO, | ) 2018 Unpublished Opinion No. 471 |
| | ) |
| Plaintiff-Respondent, | ) Filed: May 24, 2018 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| RICHARD KELLY DICKSON, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Richard Kelly Dickson appeals from the judgment of conviction and the order denying his Idaho Criminal Rule 35 motion. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Dickson had sexual contact with his seventeen-year-old niece. Law enforcement received a report that the conduct had occurred on several occasions. Police subsequently interviewed the victim who told them that her sexual interactions with Dickson had occurred on seven or eight separate occasions and that Dickson had provided her with alcoholic beverages prior to each sexual interaction. She also informed police that she had seen marijuana plants growing at Dickson's residence and she had seen Dickson provide marijuana to an unknown female.

1

In Ada County Case No. CR-01-17-4432 ("4432"), the State charged Dickson with five counts of sexual battery of a minor, Idaho Code § 18-1508A(1)(a), and four counts of dispensing alcohol to a minor, I.C. § 23-603. In Ada County Case No. CR-01-17-4116 ("4116"), the State charged Dickson with trafficking in marijuana, I.C. § 37-2732B(a)(1), and possession of drug paraphernalia, I.C. § 37-2734A. The State filed an amended information in case 4116 charging Dickson with one count of delivery of a controlled substance, I.C. § 37-2732(a), and possession of drug paraphernalia, I.C. § 37-2734A. The State moved to consolidate the cases. The district court granted the motion and entered an order consolidating Dickson's two cases.

Pursuant to a plea agreement, Dickson pled guilty to one count of sexual battery of a minor, one count of dispensing alcohol to a minor, and one count of delivery of a controlled substance. The district court entered separate judgments of conviction in each case. In case 4432, the court imposed a fifteen-year sentence with four years determinate for the sexual battery of a minor charge and a concurrent 180-day sentence for dispensing alcohol to a minor. In case 4116, the court imposed a concurrent ten-year sentence with two years determinate for delivery of marijuana. Dickson timely filed a Rule 35 motion for reconsideration of his sentence. The district court denied the motion without a hearing. Dickson timely appeals.

## II.

## ANALYSIS

Dickson asserts that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motions for reduced sentence. As a preliminary matter, the State asserts that this Court lacks jurisdiction over case 4116. The State also contends that Dickson has failed to demonstrate an abuse of discretion in sentencing or in denying Dickson's Rule 35 motion in case 4432.

### A.   Subject Matter Jurisdiction

The State acknowledges that Dickson's challenge to the district court's sentencing decision in case 4432 is properly before this court because he timely filed a notice of appeal in that case. However, according to the State, this Court lacks jurisdiction to consider Dickson's challenges to his sentence in case 4116 because Dickson did not file a notice of appeal from either the judgment of conviction in case 4116 or from the denial of his Rule 35 motion.

Dickson asserts the State's argument that this Court lacks jurisdiction over his appeal in case 4116 is incorrect. Dickson argues that if this Court is persuaded by the State's argument, it

2

would effectively render the district court's order consolidating the cases a nullity. According to Dickson, he should be permitted to file a single notice of appeal for both cases using either case number because (1) Local Rule 11.2[1] does not require the order consolidating cases to specify which case number the consolidated cases will proceed under, and (2) the district court did not specify which case number the consolidated cases would proceed under. We disagree.

A question of subject matter jurisdiction is fundamental and a matter of law; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *State v. Huntsman*, 146 Idaho 580, 583, 199 P.3d 155, 158 (Ct. App. 2008) (citations omitted). Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action.

Dickson failed to file a notice of appeal within forty-two days from either the judgment of conviction in case 4116 or from the order denying his Rule 35 motion. Although the district court consolidated case 4432 with case 4116 for purposes of judicial efficiency at trial,[2] the court entered separate judgments of conviction, each bearing separate case numbers. Dickson only filed a notice of appeal from the judgment of conviction in case 4432. That notice of appeal states, "[Dickson] appeals against the [State] to the Idaho Supreme Court from the Judgment of

---

[1]    Local Rule 11.2 of the District Court and Magistrate Division of the Fourth Judicial District provides:

> Motions to consolidate pending criminal actions shall be presented to and ruled upon by the judge to whom the lowest numbered case or first filed case has been assigned among those matters sought to be consolidated. Notice shall be given to all parties in each action involved and a copy filed in each case involved. If a motion to consolidate is granted, all further action with regard to the consolidated cases shall be heard by the judge assigned to the lowest numbered case or first filed case involved.

Nothing in Local Rule 11.2 or the district court's failure to designate one number applicable to each case supports the position that Dickson is allowed to choose one number for both cases. The opposite is true.

[2]    The State's motion to consolidate stated that the purpose of consolidating the cases was to "save witness and jury time and the expense for a separate and later trial." Thus, appealing each separate judgment of conviction does not render the purpose of consolidation a nullity.

3

Conviction entered against him in the above-entitled action . . . ." The caption of the notice of appeal bears case number 4432. Additionally, the notice of appeal makes no mention of case 4116 in either the caption or the body.

Moreover, the district court's order appointing the Idaho State Appellate Public Defender supports the conclusion that Dickson only filed a notice of appeal from the judgment of conviction in case 4432. The caption of the order bears only case number 4432 and states, "[Dickson] has elected to pursue a direct appeal in the above-entitled matter." Like the notice of appeal, the order makes no reference in either the caption or the body to case 4116. Therefore, this Court is without jurisdiction, pursuant to I.A.R. 21, to consider the merits of Dickson's appeal insofar as he challenges the court's sentencing discretion or its decision to deny his Rule 35 motion in case 4116. Because this Court lacks jurisdiction over case 4116, we only review the merits of Dickson's appeal from case 4432.

## B.    Sentence Review

Dickson argues the district court abused its discretion by imposing a unified sentence of fifteen years with four years determinate. Dickson does not argue that his sentence is illegal, but that his sentence is excessively harsh because the trial court failed to adequately consider certain mitigating factors, e.g., his employment history as a bartender; his struggle with methamphetamine addiction and marijuana use; his emotional, behavioral, and cognitive conditions like depression and anxiety; the degree of his family's support; and his remorse.

The State argues Dickson failed to establish that the district court abused its sentencing discretion in case 4432. The State argues Dickson merely wishes the district court would have given the information he presents more mitigating weight because all of the information to which Dickson points was contained in the presentence materials that were considered by the court at the time of sentencing. We agree.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary

4

objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

On the record before this Court, Dickson's unified sentence of fifteen years with four years determinate is not excessively harsh. Dickson correctly contends leniency is appropriate when a defendant expresses remorse for his conduct and accepts responsibility for his acts. He also correctly contends that Idaho recognizes the following as mitigating factors at sentencing: (1) good employment history, (2) impaired capacity to appreciate the criminality of conduct due to the defendant's ingestion of drugs and alcohol, and (3) mental illness. However, in light of the nature of the offense, the character of the offender, and the protection of the public interest, none of the mitigating information that Dickson presents on appeal, either alone or collectively, renders Dickson's sentence excessively harsh.

The victim was particularly vulnerable to Dickson's sexual abuse because she had already suffered sexual abuse in the past, her mother is a drug addict who has been in and out of prison, and Dickson plied her with alcohol before engaging her in the various sexual acts. Dickson has a lengthy criminal history that spans twenty years. He has been convicted of eighteen prior misdemeanor offenses, has been placed on probation, served jail time, and participated in a rider. Dickson's term of incarceration protects the public interest. The psychosexual evaluator concluded that Dickson is less amenable to sex offender treatment than most sex offenders and that he poses a moderate risk to reoffend with a future sexual offense within five to ten years. Dickson has stated that he does not perceive himself to be a sex offender, blames the victim, and does not believe that he is in need of sex offender treatment. Finally, in fashioning Dickson's sentence, the district court considered all of the mitigating information that he now presents to this Court on appeal. The district court ultimately imposed a sentence well within the statutorily prescribed limit. Pursuant to I.C. § 18-1508A(4), the maximum penalty for sexual abuse of a minor child in violation of I.C. § 18-1508A(1)(a) is life

5

imprisonment, yet Dickson was sentenced to fifteen years with just four years determinate.  "A sentence fixed within the limits prescribed by the statute will ordinarily not be considered an abuse of discretion by the trial court."  *Nice*, 103 Idaho at 90, 645 P.2d at 324.  For all these reasons, we conclude that Dickson's sentence was not excessively harsh nor did the district court abuse its discretion by imposing a fifteen-year sentence with four years determinate in case 4432.

## C.    Idaho Criminal Rule 35

Dickson argues the district court abused its discretion when it denied his Rule 35 motion in light of new information he offered in support of the motion.  He contends that new or additional information was presented in support of his Rule 35 motion in the form of a letter to the district court.  In the letter, Dickson wrote that he was close with his family and that he wanted to make amends with his father and grandparents who, according to Dickson, might not be alive when he is released from prison.  In light of this new information about his family, in conjunction with the other mitigating information that was before the court at sentencing, Dickson argues the court abused its discretion by denying his Rule 35 motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

The district court did not abuse its discretion by denying Dickson's Rule 35 motion for a reduction of his sentence.  The only ostensibly new or additional information that Dickson provided to the district court in support of his Rule 35 motion was Dickson's assertion in the letter that his family members were in failing health and that he wanted to make amends with them.  The district court correctly concluded that Dickson had offered "nothing in the way of new information bearing on the reasonableness of the sentences and no argument or evidence showing that the sentences were unreasonable as imposed in light of the purposes of sentencing."  Furthermore, after reviewing Dickson's Rule 35 motion and the letter in conjunction with the

PSI and the judgments of conviction, the district court again concluded that the sentences remained entirely appropriate and necessary to accomplish the objectives of sentencing: punishment, rehabilitation, deterrence, and protection of society. Dickson's sentence was not excessively harsh when imposed, even taking into consideration the mitigating information that Dickson contends should have led the district court to reduce his sentence. Accordingly, the district court did not abuse its discretion by denying Dickson's Rule 35 motion.

## III.

## CONCLUSION

Pursuant to I.A.R. 21, this Court is without jurisdiction to consider Dickson's appeal in case 4116. Dickson's sentence was not excessively harsh. The district court did not abuse its discretion by imposing a sentence of fifteen years with four determinate in case 4432, nor did it abuse its discretion by denying Dickson's Rule 35 motion. Accordingly, we affirm the judgment of conviction and the order denying the Rule 35 motion for reconsideration of the sentence.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.